UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIN EILER, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:16-cv-285-WTL-DML |
| | ) |
| JOHN F. KELLY,[1] et al., | ) |
| | ) |
|   Defendants. | ) |

### ENTRY ON MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendants' Motion to Dismiss and for Summary Judgment (Dkt. No. 85). Plaintiff Erin Eiler filed a brief response to the motion (Dkt. No. 88). In light of the unusual procedural history of this case, the Court sua sponte gave Eiler a second opportunity to respond. *See* Dkt. No. 101.[2] She did not avail herself of the opportunity to file a more thorough response. The Court now, being duly advised, **GRANTS IN PART AND DENIES IN PART** the Defendants' motion to the extent and for the reasons set forth below.

### I. BACKGROUND

Eiler filed this case on March 20, 2015, in the United States District Court for the Southern District of Illinois utilizing a form Complaint of Employment Discrimination. Dkt. No. 1. By checking boxes on the form Complaint, she alleged the following claims: age discrimination under the Age Discrimination in Employment Act ("ADEA"); claims under Title

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), John F. Kelly automatically replaced Jeh Charles Johnson as a Defendant in this case when he succeeded him as Secretary of Homeland Security.

[2] The Plaintiff is proceeding *pro se* in this case and was provided with the notice required by Local Rule 56-1(k).

VII of the Civil Rights Act of 1964 for discrimination based on color, national origin, race, religion, sex/gender; discrimination based on disability under the Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act; race discrimination under 42 U.S.C. § 1981; and sex/gender discrimination under the Equal Pay Act. Under "other" on the form, Eiler asserted a claim for discrimination based on "social class/financial status." Eiler indicated on the form that she had filed an EEOC charge and received a Notice of Right to Sue; however, although the form instructed her to attach a copy of both documents to the Complaint, it does not appear that she did so.

In her Complaint, Eiler asserted that the Defendants discriminated against her: by terminating her employment in August 2009; by failing to accommodate her disabilities in August 2009; by failing to hire her in August 2012; by interfering with her exercise or enjoyment of rights; and with respect to the compensation, terms, conditions, or privileges of employment. Under "other" she wrote:

> Defendant terminated Plaintiff's employment August 2009 for issue of "liability." Defendant issued letter of discrimination received on or about August 28, 2012, for background check/consumer reports (attached).[3]

Where the form requested "the essential facts of your claim," she wrote:

> Defendant and TSA discriminated against the Plaintiff-employee August 2009, when her employment as a Transportation Security Officer at Sioux Falls Regional Airport was terminated by TSA employees-Defendant. Plaintiff was again discriminated against on or about August 28, 2012, when she was refused employment by TSA or Defendant due to Financial Credit Report-Consumer Reports. Plaintiff received instrumentation of discrimination by attached letter she received describing non-hiring status. This was "unconstitutional" means to disqualify an applicant or employee based upon status-social class, disability, sex,

---

[3] Attached to the Complaint is an undated letter from the TSA addressed "Dear Applicant" that explains that "TSA is unable to offer you employment at this time based, in whole or in part, on the consumer reports TSA received from the consumer reporting agencies listed below."

2

religion, race, color, age, sexual orientation, parental status and those of which a Democratic Nation is founded to protect.

Eiler later was granted leave to file an Amended Complaint, which was docketed on June 18, 2015.  Dkt. No. 16.  The Amended Complaint consisted of the original Complaint, but added additional Defendants.

## II. DISCUSSION

The remaining Defendants[4] in this case move to dismiss all but one of the claims asserted in the Amended Complaint; they move for summary judgment on the remaining claim.

### A.  Disability Discrimination

The Defendants correctly argue that Eiler cannot bring an action for disability discrimination under the Rehabilitation Act because such claims are preempted by the Aviation and Transportation Security Act ("ATSA") as they relate to TSA security screeners.  *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) ("We now join every other circuit to have considered the question and conclude that the plain language of the ATSA preempts application of the Rehabilitation Act to security screeners.") (citing *Castro v. Sec'y of Homeland Sec.,* 472 F.3d 1334, 1337 (11th Cir. 2006); *Conyers v. Merit Sys. Prot. Bd.,* 388 F.3d 1380, 1383 (Fed. Cir. 2004); *see also Conyers v. Rossides,* 558 F.3d 137, 144 (2nd Cir. 2009)).  Eiler also cannot bring an action under the ADA, as the United States is not an employer under that statute.  42 U.S.C. § 12111(5)(B)(i).  Accordingly, Eiler's claims for discrimination based on disability are **DISMISSED**.

---

[4]The claims against Defendant Covenant Aviation Security already have been dismissed.

### B. Age Discrimination

Eiler asserts a claim for age discrimination under the ADEA; however, a document attached to her Complaint demonstrates that she was born in 1978 and therefore falls outside of the ADEA's protection. 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."). Accordingly, Eiler's claim for age discrimination is **DISMISSED**.

### C. Equal Pay Act

Other than checking the box for a claim under the Equal Pay Act, Eiler has asserted no facts that suggest that she is actually asserting such a claim, as there are no facts in her Complaint relating to her rate of pay. Accordingly, she has failed to state a claim under the Equal Pay Act, and that claim is **DISMISSED**.

### D. Race Discrimination under 42 U.S.C. § 1981

Eiler also checked the box for a claim under § 1981; however, that statute does not apply to actions taken by federal employers. *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 725 (7th Cir. 2000) ("Thus, by its language, § 1981 does not apply to actions taken under color of federal law."). Accordingly, Eiler's claim under § 1981 is **DISMISSED**.

### E. Discrimination Based on "Parental Status" and "Social Class/Financial Status"

The Defendants argue, correctly, that there is no statute that provides for a cause of action against the United States for employment discrimination based on parental status or "social class/financial status." Absent an applicable statute, sovereign immunity bars claims of employment discrimination against a federal agency.[5] *See, e.g.*, *Brown v. General Services*

---

[5] It does not appear to the Court that Eiler seeks to assert a separate claim for defamation or slander; to the extent that she does, those claims also are barred by sovereign immunity. 28 U.S.C. § 2680(h).

*Admin.*, 425 U.S. 820 (1976).  Accordingly, Eiler's claims for such discrimination are **DISMISSED**.

### F.  Title VII Claims

Eiler asserts claims under Title VII for discrimination based on color, national origin, race, religion, and sex.  She asserts discrimination relating to both the termination of her employment in 2009 and the fact that she was not hired in 2012.  The Defendants move to dismiss some of those claims and move for summary judgment on the remainder.

#### 1. *Retaliation*

Eiler did not assert a claim for retaliation in her initial Complaint; she neither checked the box for retaliation nor included any facts that would support such a claim.  In the document entitled "Amendment of Complaint," Dkt. No. 16, she states that she

> would like to additionally add retaliation component relative to her employment during 2009 for an additional count within the complaint.  The plaintiff claims to have received retaliation to prevent them from working at TSA again relative to the filing of a prior discrimination complaint against employee of TSA, Covenant Aviation 2012.

Dkt. No. 16 at 6.  Later in the same document, Eiler states:

> Damages were incurred through discrimination and retaliation of intentional tort means when the plaintiff's employment with TSA/Covenant Aviation was terminated where she physically worked at Sioux Falls Regional Airport . . . . Discrimination and retaliation against the plaintiff by terminating her employment and by not re-employing has resulted with damages of long-term unemployment and financial debts further preventing reemployment at TSA or elsewhere. Furthermore, damages of discrimination/defamation/slander/retaliation to character of the plaintiff have been incurred by actions of the defendant(s) to contribute to long-term unemployment and unpaid financial obligations.

*Id.* at 6.

"Pleading a retaliation claim under Title VII requires the plaintiff to allege that she engaged in statutorily protected activity and was subjected to an adverse employment action as a

result. The protected activity must be specifically identified." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (citation omitted). Eiler fails to specifically identify any protected activity that she engaged in other than her 2012 EEOC complaint, which she lodged after the adverse actions—termination in 2009 and failure to hire in 2012—occurred.[6] Accordingly, Eiler has failed to state a claim for retaliation, and that claim is **DISMISSED**.

### 2. *Discrimination Claim Based on Eiler's 2009 Termination*

The Defendants argue that Eiler's Title VII claims relating to her 2009 termination must be dismissed as time barred because Eiler did not initiate contact with an EEO Counselor within 45 days of her termination as required by 29 C.F.R. § 1614.105(a)(1). The Seventh Circuit "has made clear on a number of occasions that such a deadline 'is construed as a statute of limitations and not as a jurisdictional prerequisite.'" *Smith v. Potter*, 445 F.3d 1000, 1006 n.14 (7th Cir. 2006) (quoting *Johnson v. Runyon,* 47 F.3d 911, 917 (7th Cir.1995); *accord Rennie v. Garrett,* 896 F.2d 1057, 1062-63 (7th Cir.1990); *see also Irwin v. Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)).

> Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 674 (7th Cir. 2009). "Further, these defenses typically turn on facts not before the court at that stage in the proceedings." *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012). . . . As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-

---

[6]Eiler appears to concede in her Amendment to Complaint that she did not assert a claim for retaliation before the EEOC. She asserts, citing *Hentosh v. Old Dominion Univ.*, 767 F.3d 413 (4th Cir. 2014), that her retaliation claim did not have to be filed with the EEOC in order to be pursued in this case. *Hentosh* stands for a proposition that also is the law in the Seventh Circuit: "We have held for practical reasons, to avoid futile procedural technicalities and endless loops of charge/retaliation/charge/retaliation, etc., that a plaintiff who alleges retaliation for having filed a charge with the EEOC need not file a second EEOC charge to sue for that retaliation." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) (citations omitted). Because Eiler does not allege that any acts of retaliation occurred after she filed her 2012 EEOC complaint, this principle does not apply to her claim.

> of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record. *See Clark v. City of Braidwood,* 318 F.3d 764, 767 (7th Cir. 2003) (reversing dismissal because, "at this stage, the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations, and that possibility exists" (citation omitted)); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 80 (7th Cir. 1992) ("[W]hen a complaint is dismissed at the pleadings stage the question is not what are the facts, but is there a set of facts that if proved would show that the case had merit?").

*Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Such is the case here; while it certainly seems very likely that Eiler's claims relating to her 2009 termination are untimely, Eiler was not required to plead facts to defeat the Defendants' statute of limitations defense. Accordingly, the Defendants are not entitled to dismissal of those claims as untimely.

### 3. *Discrimination Claim Based on the Failure to Hire Eiler in 2012*

Finally, the Defendants move for summary judgment on Eiler's Title VII claim based on the failure to hire her in 2012. Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, a party who bears the burden of proof on a particular issue may not rest on its pleadings, but must show what evidence it has that there is a genuine issue of material fact that requires trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Eiler's "pro se status doesn't alleviate [her] burden on summary judgment." *Arnett v. Webster*, 658 F.3d 742, 760 (7th

7

Cir. 2011). Finally, because Eiler failed to respond to the Defendants' motion for summary judgment, the facts asserted by the Defendants in their motion are deemed admitted by Eiler to the extent that they are supported by evidence in the record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted). "However, a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant." *Id.* (citations omitted). Rather, the Defendant must still demonstrate that it is entitled to judgment as a matter of law. *See id.*

In this case, the Defendants have asserted that Eiler was not hired in 2012 because her credit check revealed that she had bad debt in excess of $7500. This assertion is supported by evidence of record, namely, the Declaration of Larry A. Smith. *See* Dkt. No. 85-1. Eiler has submitted no evidence that puts this fact in dispute or suggests any alternative reason that she was not hired. Eiler therefore has not pointed to any evidence from which a reasonable juror could conclude that she was not hired because of a membership in a class protected by Title VII, and the Defendants are entitled to judgment as a matter of law on Eiler's Title VII claim relating to the fact that she was not hired in 2012.

### III. CONCLUSION

For the reasons set forth above, the Defendants' motion for summary judgment on Eiler's Title VII claims relating to the fact that she was not hired in 2012 is **GRANTED**. The Defendants' motion to dismiss is **DENIED** with regard to Eiler's Title VII claims relating to her 2009 termination and **GRANTED** as to all other claims. Therefore, the only claim that remains in this case is Eiler's claim that her 2009 termination violated Title VII. As the Defendants correctly note, the only proper defendant with regard to that claim is the Secretary of Homeland Security, who is now John F. Kelly. *McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1322 (7th

Cir. 1984) ("The only proper defendant in a Title VII suit is the head of the agency accused of having discriminated against the plaintiff."). Accordingly, Defendants the Transportation Security Administration Agency and the Equal Employment Opportunity Commission are **DISMISSED**. **The Clerk is directed to correct the docket to reflect that the only remaining Defendant in this case is John F. Kelly, Secretary of Homeland Security**.

SO ORDERED: 3/13/17

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copies by United States Mail to:**

**Erin Eiler**
**P.O. Box 222**
**Pana, IL 62557**

Copies to all counsel of record via electronic notification