**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **ERIN EILER,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|      vs. | )   CAUSE NO. 1:16-cv-285-WTL-DML |
| | ) |
| **ELAINE DUKE,**[1] | ) |
| | ) |
|    **Defendant.** | ) |

## ENTRY ON PENDING MOTIONS

This cause is before the Court on several motions filed by the Plaintiff, each of which is addressed, in turn, below.

First, the Plaintiff filed a Motion for Rehearing on Defendants' [sic] and Issues Dismissed on Summary Judgment (Dkt. No. 110). In this motion, the Plaintiff argues that "[t]his trial was biased and unfair to issue summary judgment to move to dismiss defendants' [sic] and motion of the issues brought forth because the plaintiff did not receive emails of all documents within the case as did the defendants' [sic]." Dkt. No. 110 at 1. While the Plaintiff explains why she would prefer to receive service from the Court via email rather than via the United States Mail, she does not actually deny receiving notice of the Defendants' motion to dismiss and for summary judgment. In fact she did receive it; she also filed a timely response to it. The Plaintiff also received the notice required by this Court's Local Rule 56-1(k), which explains the right to respond to a motion for summary judgment and the risk associated with failing to do so.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Elaine Duke automatically replaced John F. Kelly as a Defendant in this case when she became Acting Secretary of Homeland Security.

Because the response she filed was lacking in substance, the Court gave her an additional opportunity to respond, something the Court was not obligated to do:

> That courts are required to give liberal construction to pro se pleadings is well established. *Kaba v. Stepp,* 458 F.3d 678, 687 (7th Cir. 2006). However, it is also well established that *pro se* litigants are not excused from compliance with procedural rules. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

*Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). The fact that the Plaintiff failed properly to respond to the Defendants' motion simply is not excused by her *pro se* status.[2]

In any event, the Plaintiff does not offer any substantive reason why she believes the Court's ruling was incorrect. She has asked for a "rehearing," but she has not given the Court anything to consider. Accordingly, the motion must be, and is, **DENIED**.

The Plaintiff's other two motions are a Motion to Add Parties' [sic] (Dkt. No. 124) and a Motion to Supplement Complaint (Dkt. No. 125). Both of these motions are **DENIED**, as they are both procedurally and substantively improper.

With regard to procedure, if the Plaintiff wishes to add either parties or claims to this case, she must do so by filing a motion for leave to amend her complaint, which must be accompanied by the proposed amended complaint that she wishes to file. *See* Local Rule 15-1 (A motion to amend a pleading must "be accompanied by a proposed order and one signed original and one copy of the proposed amended pleading" and "[a]mendments to a pleading must reproduce the entire pleading as amended."). In the proposed amended complaint, the Plaintiff must set out all of her claims and include facts sufficient to demonstrate why each new defendant

---

[2]*Johnson v. United States*, 352 U.S. 565 (1957), which the Plaintiff cites to in many of her filings, was a criminal case. Criminal defendants have a constitutional right to counsel. Civil litigants do not.

is a proper defendant in this case; in other words, what does she allege that each defendant did that makes that defendant liable to her in some way. The Plaintiff is correct that she is entitled to some leniency with regard to her pleadings as a *pro se* litigant, but she is not excused from filing a pleading altogether or from complying with the procedures set forth in the Court's Local Rules.

With regard to substance, if the Plaintiff wishes to reassert any of the claims that already have been dismissed, she must explain in her motion (not in the amended complaint) why she believes it is appropriate to do so. For example, the Court dismissed her retaliation claim because she failed to identify any protected activity that she engaged in other than her 2012 EEOC complaint, which she lodged after the adverse actions—termination in 2009 and failure to hire in 2012—occurred. Unless the Plaintiff can identify protected activity that she engaged in prior to an adverse action taken by a Defendant, she cannot bring a retaliation claim; it is impossible to retaliate against someone for an action that has not yet been taken. The Court gave a reason for dismissing each claim that was dismissed; the Plaintiff may seek leave to reassert a claim only if she can, in good faith, explain how she has remedied the problem that led to the claim being dismissed. Further, with regard to the Plaintiff's Title VII claim relating to the fact that she was not hired in 2012, the Court did not dismiss that claim, but rather found that the Defendants were entitled to summary judgment as to it. The Plaintiff is not entitled to attempt to re-plead that claim because it was not dismissed on the pleadings. Therefore, that claim should not be included in any proposed amended complaint.

To reiterate: If the Plaintiff wishes to attempt to add a claim or a defendant to this case, whether or not the claim or defendant has previously been part of this case, she must file a motion for leave to amend her complaint. Along with that motion, she must file her proposed amended complaint. That proposed amended complaint must be a stand-alone document; it may

3

not refer to any other documents or previous complaints. Someone who knows nothing about this case should be able to read the proposed amended complaint and understand what the Plaintiff alleges each defendant did, when the defendant did it, and what statute or right the Plaintiff believes was violated by the defendant's actions. In the motion for leave, for any claim that the Court already has dismissed, the Plaintiff must specifically address the reason the Court gave for the dismissal and explain what additional facts she has included in the proposed amended complaint that make the claim viable. Simply reasserting a claim that has been dismissed without remedying the deficiencies that led to the dismissal is not permitted.

**The Plaintiff must file any motion for leave to amend her complaint by November 8, 2017.** The Defendant need not respond to the motion unless invited to do so by the Court. In the event a timely motion for leave to amend is filed, **the deadline for dispositive motions is extended to 21 days following the Court's ruling on the motion for leave to amend**.

SO ORDERED: 10/10/17

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copies by United States Mail to:**

**Erin Eiler
P.O. Box 222
Pana, IL 62557**

Copies to all counsel of record via electronic notification